IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-09771 |
| | § | Chapter 11 |
| JC REED & COMPANY, INC.. | § | Judge Harrison |
| | § | |
| Debtor. | § | |

## MOTION TO PAY PREPETITION PAYROLL

JC Reed & Company, Inc. ("Debtor"), by and through its counsel, hereby moves the Court for the entry of an order: (i) authorizing Debtor, in accordance with its ordinary course of business policies, (a) to pay prepetition employee salaries, wages, commissions, vacation pay, sick leave pay, holiday pay, child support and other court-ordered deductions, and related federal, state and local taxes, and (b) to reimburse prepetition employee business expenses (including travel and lodging); and (ii) authorizing applicable banks and other financial institutions to receive, process, honor and pay any and all checks drawn on the Debtor's accounts, to the extent that such checks relate to any of the foregoing payments. In support of this Motion, the Debtor respectfully represents as follows:

### Background

1. On October 22, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is a mortgage company serving rural markets primarily in Tennessee. In addition to mortgage services, it provides investment advisory services and insurance services.

3. The Debtor has approximately 30 salary full time employees (the "Employees") whose employment is necessary for the continued operation of the Debtor's

operations and its wholly own subsidiaries. Although many of the employees work for a subsidiary, they are employed by the Debtor. As of the Petition Date, all the Employees were owed or have accrued entitlements to various sums for: (a) wages, salaries, and commissions, (b) vacation pay, (c) miscellaneous payroll items and (d) reimbursement of business expenses (collectively, "Prepetition Compensation") that had accrued since the last payroll cut off on October 16, 2008.

4. In addition, as of the Petition Date, the Debtor has caused deductions from the Employees' paychecks to make payments on behalf of the Employees for taxes, alimony, garnishments and support payments, and other similar programs on account of which the Debtor deducts a sum of money from an employee's paycheck and pays that amount to a third party (collectively, the "Deductions"), which Deductions are also next payable in the ordinary course of the Debtor's business on the next payroll date.

5. Prepetition Compensation and Deductions were due and owing as of the Petition Date because, among other things:

    a. The Debtor filed its Chapter 11 petition in the midst of its regular and customary salary, compensation and hourly wage payroll periods, prior to the Payroll Date as well as in the midst of its regular reimbursement cycle for the Employees' business expenses;

    b. Certain payroll and expense reimbursement checks issued to the Employees prior to or on the Petition Date may have not yet cleared the banking system and accordingly, may not be honored and paid as of the Petition Date;

    c. Certain Employees may have not yet been paid certain of their salaries and/or commissions, contractual compensation and wages for services previously rendered to the Debtor or have not yet been reimbursed for business expenses previously advanced on behalf of the Debtor; and

    d. Certain other forms of compensation (such as sick pay, vacation pay, holiday pay, and withholdings for benefit plan contributions) which are related to prepetition services have not yet been paid to or for the benefit

1961644 v1
107608-000 10/22/2008

- 2 -

of the Employees because such benefits, although accrued either in whole or in part prior to the Petition Date, were not payable at such time, but rather will become payable in the immediate future in the ordinary course of the Debtor's business on the Payroll Date.

6. The amount of Prepetition Compensation and Deductions payable for the hourly employees is estimated to total $111,000. The amount of Prepetition Compensation and Deductions payable for the salary employees is estimated to be less than half of this amount. The amount of any expenses to be reimbursed will not exceed the aggregate amount of $50,000 and the amount of vacation or other pay will be nominal, if any at all.

## Basis for Relief

7. By this Motion, the Debtor seeks authority, under § 105 of the Bankruptcy Code and consistent with the priority claim limitations set forth in § 507(a)(3) of the Bankruptcy Code, to pay all Prepetition Compensation and Deductions that accrued but remain unpaid as of the Petition Date, on the payroll dates, or as and when such amounts become due and payable. Further, with respect to accrued rights for vacation and sick leave pay, the Debtor seeks permission to pay such amounts as and when they become due and payable in the ordinary course of business.

8. Section 105(a) of the Bankruptcy Code provides, in relevant part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The fundamental purpose of Chapter 11 is to "prevent a debtor from going into liquidation, with attendant loss of jobs and possible misuse of economic resources." *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984). To advance that purpose, courts have consistently permitted the payment of prepetition compensation pursuant to § 105(a) of the Bankruptcy Code. Moreover, the Court's use of equitable powers to permit payment of prepetition employee compensation and benefits in

furtherance of the Debtor's rehabilitation "is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176-77 (Bankr. S.D.N.Y. 1989) (court used its equitable powers derived from § 105 of the Bankruptcy Code to permit Eastern Airlines to pay its current employees' prepetition wages, salaries, and business expense claims). Although some courts do not approve of such equitable treatment of otherwise priority claims, a majority of courts support the honoring of such prepetition obligations under the "necessity of payment" doctrine. *See In re Chateaugay Corp.*, 80 B.R. 279, 287 (S.D.N.Y. 1987) (bankruptcy court may exercise equity powers under § 105(a) to authorize payment of prepetition wage claims since such payment is necessary to "permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionally."). *See also Pension Benefit Guaranty Corporation v. Sharon Steel Corporation (In re Sharon Steel Corporation)*, 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993) (payment of prepetition wages permissible to prevent serious threat to the chapter 11 process); *In re Eagle-Picher Industries, Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (payment of prepetition debt permissible to prevent serious threat to Chapter 11 process); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989).

9. In this case, most, if not all, of the Debtor's Employees are dependent upon timely payment of the wages they have earned. Thus, absent an order granting the relief requested in this Motion, the Employees will suffer financial hardship, inasmuch as the amounts in question are needed to enable them to meet their personal financial obligations. Consequently, any delay in paying Prepetition Compensation and Deductions on the payroll dates will adversely impact the Debtor's relationship with its employees and impair the Employees' morale, dedication, confidence and cooperation.

10. Absent the requested relief, the stability of the Debtor will be undermined by the possibility that otherwise loyal Employees will seek other employment alternatives. The continued and uninterrupted service of its Employees is essential to the Debtor's continued operation of the Facility. The Debtor simply cannot, at this early stage in its reorganization process, risk the substantial damage to its prospects for reorganization that would inevitably attend any decline in its Employees' loyalty and morale were the Debtor to fail to pay wages, salaries benefits and other past-due payroll.

11. Further, the Prepetition Compensation and Deductions would ultimately qualify as priority claims under § 507(a)(3) of the Bankruptcy Code. Section 507(a)(3) expressly provides that claims for:

> Wages, salaries or commissions, including vacation, severance and sick leave pay --
>
> (A) earned by an individual within 90 days before the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only
>
> (B) to the extent of $10,950 for each such individual[,]

constitute priority claims. 11 U.S.C. § 507(a)(3). Payment of prepetition wage claims has been held to be permissible where it appeared that the wages being paid would ultimately qualify as priority claims and where payment was necessary to maintain an effective workforce. *Quality Interiors*, 127 B.R. at 396.

12. In this case, the Prepetition Compensation and Deductions clearly fall within the parameters of § 507(a)(3). The Debtor's last payroll for employees was made on October 20, 2008, paying employee wages up through October 16, 2008. Accordingly, all of the Prepetition Compensation and Deductions the Debtor requests authority to pay on the Payroll Date were earned within the 90 days prior to the commencement of the Debtor's bankruptcy

case. Further, the amount of Prepetition Compensation and Deductions and related costs, expenses and taxes will not exceed $10,950 per employee and, in all cases are less than the maximum statutory allowance.

13. The Debtor should be permitted to pay all Prepetition Compensation and Deductions in full, to the extent it does not exceed $10,950 per employee, particularly in light of the critical importance of the Employees' morale and cooperation in maintaining the required quality of service at the Debtor's place of business. Accordingly, the Debtor requests authority to pay all Prepetition Compensation and Deductions as and when such amounts become payable. In addition, the Debtor requests authority to pay all costs and expenses incident to Prepetition Compensation and Deductions including, without limitation, payroll-related taxes and processing costs.

14. The Debtor further requests that all applicable banks and other financial institutions be authorized and directed by the Court to receive, process, honor and pay any and all checks drawn on the Debtor's payroll account, whether presented prior to or after the Petition Date, to the extent that such checks relate to Prepetition Compensation and Deductions. The Debtor represents that each of these checks is or will be drawn on the Debtor's payroll account and can be readily identified as relating directly to Prepetition Compensation and Deductions. Accordingly, checks other than those for Prepetition Compensation and Deductions should not be honored inadvertently.

WHEREFORE, the Debtor respectfully requests the Court to hold an expedited hearing on this Motion and at that hearing enter an order in the form attached hereto (i) authorizing the Debtor to pay Prepetition Compensation on the payroll dates up to the statutory limit in accordance with its ordinary course of business policies with regard thereto;

(ii) authorizing the Debtor to pay Deductions on the payroll dates to those parties to which such sums are owed; (iii) authorizing the Debtor to pay on the payroll date all costs and expenses incident to the payment of Prepetition Compensation and Deductions, such as payroll-related taxes and processing costs; (iv) authorizing all applicable banks and other financial institutions to receive, process, honor and pay any and all checks drawn on the Debtor's payroll account for payment of Prepetition Compensation and Deductions (and related costs and expenses), whether presented prior to or after the Petition Date, in accordance with its ordinary course of business policies, provided sufficient funds exist in the payroll or other accounts, as the case may be, to cover such payment; and (v) granting the Debtor such other and further relief as the Court deems just and proper.

Respectfully Submitted,

/s/ *William L. Norton III.*
William L. Norton, III (#10075)
Boult, Cummings, Conners & Berry, PLC
1600 Division St., Suite 700
Nashville, TN 37203
(615) 252-2397
(615)252-6397 (fax)
bnorton@boultcummings.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion and Proposed Order was served on October 23, 2008 by US Mail, postage prepaid, on the U.S. Trustee, all secured creditors, the IRS and all unsecured creditors.

/s/ *William L. Norton III.*
William L. Norton III

1961644 v1
107608-000  10/22/2008

- 7 -

Case 3:08-bk-09771   Doc 5   Filed 10/22/08   Entered 10/22/08 16:37:02   Desc Main
Document      Page 7 of 9

**PROPOSED**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-09771 |
| | § | Chapter 11 |
| JC REED & COMPANY, INC.. | § | Judge Harrison |
| | § | |
| Debtor. | § | |

**ORDER GRANTING DEBTOR'S MOTION FOR
AUTHORITY TO PAY PREPETITION EMPLOYEE SALARIES, WAGES,
COMMISSIONS, EXPENSES, AND RELATED DEDUCTIONS**

This came before the Court upon the motion of JC Reed & Company, Inc. ("Debtor"), for the entry of an order: (i) authorizing the Debtor, in accordance with its ordinary course of business policies, (a) to pay prepetition employee salaries, wages, commissions, vacation pay, sick leave pay, holiday pay, child support and other court-ordered deductions, and related federal, state and local taxes, and (b) to reimburse prepetition employee business expenses (including travel and lodging); and (ii) authorizing applicable banks and other financial institutions to receive, process, honor and pay any and all checks drawn on the Debtor's accounts, to the extent that such checks relate to any of the foregoing payments and was scheduled for an expedited hearing pursuant to Local Rule 9075-1 on October ___, 2008.

It appearing upon the Motion, proof at the hearing and statements of counsel that just cause exists to grant the Motion and further that sufficient notice of the Motion and extraordinary relief requested therein was provided as required under the Local Rules in the most expeditious means possible, it is

ORDERED that the Debtor shall be, and hereby is authorized to pay, up to the aggregate maximum of $10,950 per employee, prepetition compensation and deductions, together with all costs and expenses incident thereto, such as payroll-related taxes and processing costs, in accordance with the Debtor's ordinary course of business policies with regard thereto; and it is further

ORDERED that banks and other financial institutions upon which such payment funds are drawn are authorized to receive, process, honor and pay any and all checks drawn on the Debtor's payroll accounts for payment of prepetition compensation and deductions (and related costs and expenses), whether presented prior to or after the petition date, in accordance with the Debtor's ordinary course of business policies, provided that sufficient funds exist in the payroll or other accounts, as the case may be, to cover such payment.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

APPROVED FOR ENTRY:


*/s/ William L. Norton III.*
William L. Norton, III (#10075)
Boult, Cummings, Conners & Berry, PLC
1600 Division St., Suite 700
Nashville, TN 37203
(615) 252-2397
(615) 252-6397 (fax)
bnorton@boultcummings.com
Attorneys for Debtor